```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In the Matter of a Proceeding
for Support under the Family
Court Act

COMMISSIONER OF SOCIAL SERVICES,            MEMORANDUM & ORDER
Petitioner/Assignee on behalf of            & FILING INJUNCTION
TAMMY BOERTLEIN, ASSIGNOR,                  17-CV-6741 (JS)(AYS)

                Petitioner,

        -against-

ROGER W. CLARKE, JR.,

                Respondent.
----------------------------------X
In the Matter of a Proceeding
for Support under the Family
Court Act

COMMISSIONER OF SOCIAL SERVICES,
Petitioner/Assignee on behalf of            18-CV-4014 (JS)(AYS)
TAMMY BOERTLEIN, ASSIGNOR,

                Petitioner,

        -against-

ROGER W. CLARKE, JR.,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Susan A. Flynn, Esq.
                    Suffolk County Attorney's Office
                    100 Veterans Memorial Highway
                    Hauppauge, NY 11788

For Respondent:     Roger W. Clarke, Jr., pro se
                    1 Sommerset Drive
                    Yaphank, NY 11980
```

SEYBERT, District Judge:

Roger W. Clarke Jr., Father ("Respondent") is no stranger to this Court. This action is Respondent's third attempt to remove an on-going child support enforcement action pending in the Family Court of the State of New York, County of Suffolk ("State Court"). In or about October 31, 2016, the Commissioner of Social Services, on behalf of Tammy Boertlein, Mother ("Petitioner"), commenced this action against Respondent in the State Court.[1] (See 17-CV-6741 Pet., Docket Entry 1, at 1.)

In an apparent attempt to stay a child support enforcement hearing scheduled for October 18, 2017 in the Family Court, on October 16, 2017, Respondent, acting pro se, paid the $400 filing fee and filed a Notice of Removal (assigned Docket Number 17-CV-6030(JS)(AYS)) seeking to remove the same child support enforcement action to this Court. By Memorandum and Order dated November 9, 2017, the action was remanded to the Family Court of the State of New York, Suffolk County, pursuant to 42 U.S.C. § 1447(c).

On November 17, 2017, Respondent, acting pro se, filed

---

[1] Although Respondent has not filed a copy of the Complaint with either of his Notices of Removal, Petitioner is pursuing a child support enforcement action against Respondent in state court under Index No. F-18124-16. (See Oct. 18, 2017 Order of Support by Default, 17-CV-6741, Pet. Ex. B, Docket Entry 1-2; 18-CV-4014, Pet. at 1.)

another Notice of Removal, together with the $400 filing fee, again removing the action to this Court pursuant to, inter alia, 28 U.S.C. §§ 1443 ("Section 1443") and 1446(b) ("Section 1446(b)") on the basis that this Court has original jurisdiction under 28 U.S.C. § 1331 because there are "questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights and the Eleventh Amendment, the original Thirteenth Amendment, and Fourteenth Amendment to the U.S. Constitution, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations" involved. (See 17-CV-6741 Pet. at 1.)

By Memorandum and Order to Show Cause dated December 11, 2017 (the "M&O"), the Court remanded this action to the State Court pursuant to 42 U.S.C. §1447(c) and ordered Respondent "to show cause by filing an affidavit within thirty (30) days why an order barring him from filing any further notice of removal seeking to remove the child support enforcement action to this Court or any new complaint concerning the same subject matter as was set forth in the notices of removal should not entered." (See 17-CV-6741, M&O at 10-11.) Respondent was "advised that failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Respondent from filing any new notice of removal or complaint relating to the child support enforcement action and the Court will direct the Clerk of the Court to return

to Respondent, without filing, any such action." (M&O at 10-11.) Respondent was also "cautioned that, should he file another notice of removal or complaint relating to the child support enforcement action, it is within the Court's authority to consider imposing sanctions upon him pursuant to Federal Rule of Civil Procedure 11." (M&O at 10-11.)

Rather than file an affidavit in accordance with the M&O, on January 10, 2018, Respondent filed a Notice of Appeal together with the $505 filing fee. By Mandate dated April 23, 2018, the Appeal was dismissed. (See Mandate, 18-83 (2d Cir. Apr. 23, 2018), Docket Entry 11 in 17-CV-6741.)

On July 12, 2018, Respondent filed another Notice of Removal together with the $400 filing fee. Yet again, Respondent seeks to remove the child support enforcement action pending against Respondent in state court under Index No. F-18124-16.[2] Respondent strategically seeks to remove the State Court case just prior the July 16, 2018 date scheduled to adjudicate Respondent's alleged violation of the State Court's Support Order dated October 18, 2018. (See Summons issued to Respondent for Violation

---

[2] The Court has discerned a pattern to Respondent's activity in this Court. It appears that Respondent files a Notice of Removal in this Court just prior to a court date or deadline in the State case. Indeed, annexed to Respondent's instant Notice of Removal is a Summons directing Respondent to appear in State Court on July 16, 2018 to answer a petition alleging that he has violated a child support order dated October 18, 2017. (See Docket Entry 1-3.)

of Support Order, annexed to Pet., Docket Entry 1-3, at 1-2.)

For the reasons that follow, the instant action is CONSOLIDATED with 17-CV-6741, and, for the same reasons that the Court made clear in its Memorandum and Order remanding the Petition under Docket Number 17-CV-6030(JS)(AYS), and in the M&O, the instant action is REMANDED to the State Court pursuant to 28 U.S.C. § 1447(c). **Given Respondent's failure to respond to the M&O, the Court now enters a Filing Injunction ENJOINING Respondent from: (1) seeking to remove the child support enforcement action pending against Respondent in state court under Index No. F-18124-16; and (2) filing any new action in this Court relating to the support enforcement action pending against Respondent in State Court under Index No. F-18124-16.**

DISCUSSION

I. Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of cases with common questions of law or fact is favored "to avoid

unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Jacobs, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, Respondent seeks to remove the same underlying child support enforcement action pending in state court under Index No. F-18124-16. Accordingly, in the sound exercise of its discretion, the Court orders that Plaintiff's cases be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 17-CV-6741. The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the case assigned

docket number 18-CV-4014, CLOSED. Any future filings are to be docketed in only 17-CV-6741.

II. The Removal Statute

Pursuant to 28 U.S.C. § 1441(a), " . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In addition, 28 U.S.C. § 1446(a) sets forth the procedure for removal to be followed:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, <u>together with a copy of all process, pleadings, and other papers served upon such defendant or defendants</u> in such action.

28 U.S.C. § 1446(a) (emphasis added). Subsection (b) makes clear that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or process or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of the summons upon the defendant if

7

such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b). "[S]tatutory procedures for removal are to be strictly construed, . . . because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns."  Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014) (internal quotation marks and citations omitted); accord In re Facebook, Inc., IPO Sec. & Derivative Litig., 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013).  "[T]he burden is on the removing party to prove that it has met the requirements for removal."  Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (internal quotation marks and citation omitted).

Here, Respondent seeks to remove this child support enforcement action to this Court nearly two (2) years after it was filed in the State Court.[3]  Thus, regardless of whether

---

[3] Because Respondent did not file a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and other papers served upon him in such action, it is difficult for the Court to determine when the State Court action was commenced.  However, Respondent has included, as Exhibit B to his Notice of Removal in 17-CV-6741, a copy of a Support Petition filed in State Court against him by Petitioner on October 31, 2016.  (See 17-CV-6741 Docket Entry 1, Pet. Ex. B.)

8

Respondent's Notice of Removal invokes this Court's federal question subject matter jurisdiction,[4] there is no basis in law for Respondent's attempt to remove this action to federal court <u>after</u> the statutory thirty-day time period has expired. <u>Edelman v. Page</u>, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) (finding that the 'statutory time limit is mandatory . . . [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement.') (internal quotation marks and citation omitted; alterations in original).

Further, to the extent that Respondent relies on Section 1443 as the basis for removal, such reliance is misplaced. It is well-established that Section 1443 "'applies only in cases where a defendant seeks to remove a state cause of action based upon <u>racial</u> discrimination.'" <u>Grohs v. Grohs</u>, 17-CV-1605, 2017 WL

---

[4] Notwithstanding Respondent's assertion that this Court's federal question subject matter jurisdiction is invoked, given that the underlying case is a child support enforcement action, the domestic relations exception to the jurisdiction of the federal courts would likely divest this Court of jurisdiction. <u>See</u> <u>Marshall v. Marshall</u>, 547 U.S. 293, 308, 126 S. Ct. 1735, 1746, 164 L. Ed. 2d 480, 495 (2006) (Under the domestic relations exception, "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds) (citation omitted); <u>McArthur v. Bell</u>, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (finding that the domestic relations applied because the plaintiff's claims directly related to child support modification proceedings).

4678182, *3 (D. Conn. Oct. 17, 2017) (emphasis in original), quoting Robinson v. Eichler, 795 F. Supp. 1253, 1258 (D. Conn. 1992) (Section 1443's "scope is very narrow") (citing Johnson v. Miss., 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975)). Given Respondent's acknowledgment that "there is no racial component in this case" (Pet., Docket Entry 1-12 at 3), Section 1443 has no application here.

Moreover, although Respondent's Notice of Removal, including exhibits, is comprised of one hundred and twenty-two (122) pages, he has failed to attach a copy of the "pleadings[ ] and orders" served upon him in the State Court case as is required by the removal statute.

Accordingly, this action is REMANDED to the State Court pursuant to 42 U.S.C. § 1447(c). See, e.g. Allfour v. Bono, No. 11-CV-1619, 2011 WL 2470742, at * 1 (E.D.N.Y. May 5, 2011), report and recommendation adopted by 2011 WL 2470734 (E.D.N.Y. June 22, 2011) (holding that in this circuit, a procedural defect, by itself, would authorize a sua sponte remand within thirty (30) days after the filing of the notice of removal); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to sua sponte remand actions to state court for defects in removal procedure within

10

thirty [30] days after the filing of the notice of removal); see also Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (internal quotation marks and citation omitted).

Accordingly, the Clerk of the Court shall: (1) MAIL a certified copy of this Order to the clerk of the Family Court of the State of New York, County of Suffolk, pursuant to 42 U.S.C. § 1447(c) and (2) MAIL a copy of this Memorandum and Order to Respondent.

III. The All Writs Act

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits.

11

See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Here, Respondent has sought to remove to this Court a child support enforcement action pending in the New York State Family Court, Suffolk County, three times. Respondent's instant Notice of Removal suggests that he may also seek to file a new complaint in this Court concerning the underlying child support enforcement action and challenging rulings therein. Respondent is cautioned that this Court will not tolerate frivolous filings. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and

12

alteration omitted). The Court is especially cognizant of Respondent's pro se status and has considered his submissions in as positive a light as possible. In addition, although the Court has afforded Respondent notice and an opportunity to be heard prior to the entry of a filing injunction, Respondent has ignored the Court's M&O and, instead, has persisted in filing frivolous Notices of Removal in this Court. The Court will not aid Respondent in his gamesmanship of temporarily delaying the State case by strategically filing a baseless Notice of Removal in this Court.

Given Respondent's litigation history, together with Respondent's failure to respond to the M&O, **RESPONDENT IS NOW BARRED FROM FILING ANY NEW NOTICE OF REMOVAL OR COMPLAINT RELATING TO THE CHILD SUPPORT ENFORCEMENT ACTION AND THE COURT WILL DIRECT THE CLERK OF THE COURT TO RETURN TO RESPONDENT, WITHOUT FILING, ANY SUCH ACTION.**

CONCLUSION

For the reasons set forth above, this action is REMANDED to the State Court pursuant to 42 U.S.C. § 1447(c). The Clerk of the Court shall: (1) MAIL a certified copy of this Order to the clerk of the Family Court of the State of New York, County of Suffolk, pursuant to 42 U.S.C. § 1447(c) and (2) MAIL a copy of this Memorandum and Order to Respondent.

13

Respondent is **BARRED FROM FILING ANY NEW NOTICE OF REMOVAL OR COMPLAINT RELATING TO THE CHILD SUPPORT ENFORCEMENT ACTION AND THE COURT WILL DIRECT THE CLERK OF THE COURT TO RETURN TO RESPONDENT, WITHOUT FILING, ANY SUCH ACTION.**

Although Respondent paid the filing fee in this Court, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should Respondent seek leave to appeal in forma pauperis, any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is DIRECTED to mail a copy of this Memorandum and Order and Filing Injunction to Respondent at his last known address and to file proof of such service with the Court.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     July   20  , 2018
            Central Islip, New York